# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARY E. ALBERS,<br><br>        Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | 4:12CV3050<br><br>ORDER |

This matter is before the court on the plaintiff's Petition to Obtain Approval of a Fee for Representing a Claimant Before the Social Security Administration (Filing No. 28). The defendant has no objection to the plaintiff's counsel's request for $2,125.01 under 42 U.S.C. § 406(b) as long as the court independently determines the amount is reasonable. **See** Filing No. 29. The defendant filed an index of evidence (Filing No. 30). The defendant does not dispute the reasonableness of the amount.

On March 16, 2012, the plaintiff sought judicial review of a final decision of the Commissioner of the Social Security Administration. **See** Filing No. 1. On December 21, 2012, the court reversed the final decision of the Commissioner, remanding the matter for further proceedings. **See** Filing Nos. 23-24. On July 17, 2014, the plaintiff's counsel filed an Application for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). **See** Filing No. 25. The court held the application was untimely by over one year under the statute and the movant failed to suggest equitable tolling might be appropriate.

Although the plaintiff's counsel will not be awarded fees under the EAJA, an award may be appropriate under the Social Security Act. 42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this

> title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

The plaintiff and her counsel entered into a contract whereby counsel agreed to represent the plaintiff on her Social Security claims and if she obtained a favorable resolution, she would pay counsel the lesser of 25 percent of the past-due benefits or $6,000. **See** Filing No. 28 p. 9. The plaintiff obtained a favorable resolution in the amount of $41,628 in past due benefits. **See** Filing No. 30 - Ex. A Notice of Award p. 4-5. Based on the benefits award, the Commissioner withheld $10,407 to pay the plaintiff's representative. *Id.* Of the total amount, $4,407 remains for a possible fee award under § 406(b)(1). *Id.* The plaintiff's counsel seeks an award of $2,125.01 based on the costs incurred in filing the appeal and 16.9 hours worked billed at rates between $55 per hour and $185 per hour. **See** Filing No. 28 p. 1, 3-5.

Despite the contingent-fee agreement entered into by the plaintiff and her counsel, the court assesses the amount sought "based on the character of the representation and the results the representative achieved." ***Gisbrecht v. Barnhart***, 535 U.S. 789, 808 (2002) (noting counsel's billing statement may be instructive to aid the court's reasonableness assessment). The court has reviewed the record in this matter and finds the amount sought by the plaintiff's counsel is reasonable in consideration of the complexity of this case, counsel's conduct, and the plaintiff's ultimate recovery, among other relevant factors. Accordingly,

**IT IS ORDERED:**

The plaintiff's Petition to Obtain Approval of a Fee for Representing a Claimant Before the Social Security Administration (Filing No. 28) is granted. Counsel is awarded a fee in the amount of $2,125.01 to be paid from the plaintiff's past due benefits in accordance with 42 U.S.C. § 406(b).

DATED this 6th day of November, 2014.

                                                BY THE COURT:

                                                s/ Thomas D. Thalken
                                                United States Magistrate Judge